**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Martin S. Stancik, Jr | : | |
| | : | |
| Plaintiff, | : | Case No. |
| | : | |
| vs. | : | |
| | : | Judge _____ |
| | : | |
| New York Stock Exchange | : | |
| | : | |
| Defendant. | : | |

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §1441 and 1446, 28

U.S.C. §1331 and 28 U.S.C. §1367(a), Defendant New York Stock Exchange LLC ("NYSE")

hereby removes this action from the Court of Common Pleas of Cuyahoga County, Ohio, Case

No. CV-15-845319, to the United States District Court for the Northern District of Ohio, Eastern

Division.  In support of this Notice of Removal, NYSE avers as follows:

**Procedural History and Plaintiff's Allegations**

1.     Plaintiff Martin S. Stancik. Jr. filed this action on May 8, 2015, in the Cuyahoga County

Court of Common Pleas, Case No. CV-15-845319.

2.     According to the Cuyahoga County Clerk of Courts Case Information system, service of

the summons upon NYSE was perfected on May 16, 2015. A copy of the Complaint and

Summons, which constitute the "initial pleadings," is attached hereto as Exhibit 1.

1

3.      Mr. Stancik alleges that NYSE was "negligent in not investigating" Deutsche Bank and Ocwen Financial Corporation, for "not enforcing NYSE regulations" in relation to these companies, and for not "delisting" these companies from the NYSE for "their [allegedly] lawless actions."  Mr. Stancik thus alleges that NYSE violated its own rules.

4.      Mr. Stancik's Complaint also purports to allege violations of the following federal statutes:  the Racketeer Influenced and Corrupt Organizations Act, the Magnuson-Moss Warranty Act, the federal mail and wire fraud statutes, the Truth-in-Lending Act, the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, the Real Estate Settlement Procedures Act, the Home Ownership Equity Protection Act, the Fair Credit Billing Act, and the Federal Trade Commission Act.

5.      Mr. Stancik further purports to allege claims for breach of contract, tortious interference with contractual relations, unjust enrichment, fraud, misrepresentation, negligence, "reckless and wanton misconduct," intentional infliction of emotional distress, defamation, conversion, and claims under the Ohio Unfair Trade Practice Act and Consumer Protection Acts.  All of Mr. Stancik's claims are based on the same factual allegations.

**Grounds for Removal**

6.      Pursuant to 28 U.S.C. §1441(a), removal is proper with respect to "any civil action brought in a State court of which the district courts of the United States have original jurisdiction ... ."

7.      Pursuant to 28 U.S.C. §1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8.      The Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961 *et. seq..*, the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et. seq.*, the federal mail and wire fraud status 18 U.S.C. §1341 *et seq.*, the Truth-in-Lending Act, 15 U.S.C §1601 *et seq.*, the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*, the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*, the Real Estate Settlement Procedures Act, the Home Ownership Equity Protection Act, 15 U.S.C. §1639, the Fair Credit Billing Act, 15 U.S.C.1601 *et seq.*, and the Federal Trade Commission Act, 15 U.S.C. §45, form bases of Mr. Stancik's Complaint (*see* Complaint at 6) and are all federal statutes providing this Court with original jurisdiction.  Therefore, removal of this action is proper on the basis of federal question jurisdiction.

9.      This action is also removable to this Court under 28 U.S.C. § 1441(a), in that it is a civil action over which this Court has original and exclusive subject matter jurisdiction under the provisions of 28 U.S.C. § 1331 and 15 U.S.C. § 78aa because the action challenges, and seeks relief based on, alleged violations of rules promulgated under the Securities Exchange Act of 1934 (the "'34 Act"), 15 U.S.C. § 78 *et seq.*  NYSE is a self-regulatory organization registered with the Securities and Exchange Commission ("SEC") as a national securities exchange pursuant to the '34 Act.

10.     All of Mr. Stancik's claims are predicated on allegations that NYSE violated rules promulgated pursuant to and in conformity with the '34 Act.  All exchange rules, including those at issue here, must be submitted to the SEC, and those rules become effective pursuant to the procedures set forth in the '34 Act.  15 U.S.C. § 78f(b).

11.     Under Section 27 of the Exchange Act, "[t]he district courts of the United States ... shall have exclusive jurisdiction of violations of [the '34 Act] or the rules and regulations thereunder,

and of all suits in equity and actions at law brought to enforce any liability or duty created by [the '34 Act] or the rules and regulations thereunder." 15 U.S.C. § 78aa. As noted above, NYSE's rules are promulgated under the '34 Act, and the Complaint alleges violations of those rules and the duties created by them and seeks relief in connection with those alleged violations. (*See* Complaint at 2)

12.     Because Mr. Stancik's Complaint seeks relief based upon alleged violations of, and seeks to enforce liabilities or duties created by, NYSE's rules (which arise under and have the force of federal law), subject matter jurisdiction is exclusively vested in this Court by Section 27 of the Exchange Act. *See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211-13 (9th Cir. 1998); *Hawkins v. Nat'l Ass'n of Sec. Dealers, Inc.*, 149 F.3d 330, 331-32 (5th Cir. 1998); *Citadel Securities, LLC v. Chicago Board Option Exchange, Inc.*, No. 13 C 5833, Slip Op. at 3-6 (N.D. Ill. Dec. 11, 2013); *Lowe v. NASD Regulation, Inc.*, No. 99-1751 (TFH), 1999 WL 1680653, at *2-4 (D.D.C. Dec. 14, 1999).

13.     Pursuant to 28 U.S.C. §1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

14.     All of Mr. Stancik's claims are based on the same allegations and therefore "form part of the same case or controversy" such that supplemental jurisdiction is proper.

15.     Mr. Stancik alleges that at all relevant times he was an individual domiciled and residing in Berea, Ohio (*see* Complaint at 9) and, therefore, at all relevant times he was and is a citizen of the State of Ohio.

4

16.    At all times relevant to the claims in the Complaint, NYSE has been, and is as of the date of this Notice of Removal, a New York Limited Liability Company with its principal place of business in New York, New York.  NYSE is  a citizen of the State of New York.

17.    NYSE denies the allegations of the Complaint and denies any amount is owed to Mr. Stancik.  Mr. Stancik purports to seek relief in the sum of One Billion Dollars, exceeding the jurisdictional threshold of "$75,000, exclusive of interest and costs" required by 28 U.S.C. §1332(a).

18.    This action is therefore also a controversy between citizens of different states over which this Court has original subject matter jurisdiction under 28 U.S.C. §1332.

**The Procedural Requirements for Removal Have Been Satisfied**

19.    NYSE is the sole Defendant in this action and has the power, found in 28 U.S.C. §1441(a), to remove it to "the district court of the United States for the district and division embracing the place where such action is pending."

20.    Cuyahoga County is within the Eastern Division of the United States District Court for the Northern District of Ohio.

21.    This Notice of Removal has been filed within thirty days after receipt by NYSE of a copy of the Complaint.

22.    After filing this Notice of Removal, NYSE will promptly serve written notice of this Notice of Removal on Mr. Stancik and file the same with the Clerk of the Cuyahoga County Court of Common Pleas, in accordance with 28 U.S.C. § 1446(d).

23.     True and correct copies of all process, pleadings and orders served on NYSE in the action pending in the Cuyahoga County Court of Common Pleas are attached hereto as Exhibit 1.

<strong><u>Non-waiver of Defenses</u></strong>

24.     By removing this action from the Cuyahoga County Court of Common Pleas, NYSE does not waive any defenses available to it.

25.     By removing this action from the Cuyahoga County Court of Common Pleas, NYSE does not admit any of the allegations in Mr. Stancik's Complaint.

26.     In fact, NYSE is moving to dismiss the Complaint with prejudice simultaneously with removing the action.

WHEREFORE, NYSE removes the above-captioned action from the Cuyahoga County Court of Common Pleas to the United States District Court for the Northern District of Ohio.

Respectfully submitted,

_/s/Jeffrey C. Miller_____
Jeffrey C. Miller (0068882)
Kegler Brown Hill & Ritter
600 Superior Ave. East, Suite 2510
Cleveland, OH 44114
Phone: (216) 586-6650
Fax: (216) 586-6758
jmiller@keglerbrown.com

*Attorney for Defendant New York Stock Exchange LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that the forgoing NOTICE OF REMOVAL was filed electronically via

the Court's ECF system and a copy served upon the Plaintiff by regular U.S. Mail this 8th day of

June, 2015, upon the following:

Martin S. Stancik, Jr.
724 Wyleswood Dr.
Berea, Ohio 44017

*Plaintiff*

_/s/Jeffrey C. Miller_____
Jeffrey C. Miller (0068882)
Kegler Brown Hill & Ritter
600 Superior Ave. East, Suite 2510
Cleveland, OH 44114
Phone: (216) 586-6650
Fax: (216) 586-6758
jmiller@keglerbrown.com

*Attorney for Defendant New York Stock*
*Exchange LLC*