# EXHIBIT 1

**SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER**
**CLEVELAND, OHIO 44113**

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV15845319 | D1 FX | 26107443 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

| MARTIN S. STANCIK, JR. | PLAINTIFF |
|---|---|
| VS | |
| NEW YORK STOCK EXCHANGE | DEFENDANT |

## SUMMONS

NEW YORK STOCK EXCHANGE
18 BROAD STREET
NEW YORK NY 10005-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plantiff's Attorney (Pro Se)**

MARTIN S. STANCIK, JR.
724 WYLESWOOD DRIVE

BEREA, OH 44017-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

**Case has been assigned to Judge:**

BRIAN J CORRIGAN
Do not contact judge. Judge's name is given for attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas

By_____
Deputy

| DATE |
|---|
| May 12, 2015 |

COMPLAINT FILED   05/08/2015





CV15845319                89313411

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

### CASE NO;

Judge:  BRIAN J CORRIGAN

CV 15 845319

Martin S. Stancik, Jr.   )

724 Wyleswood Drive

   )

Berea. Ohio 44017

   )

Plaintiff

   )

Vs.

   )

New York Stock Exchange

   )

18 Broad Street

New York,  NY  10005   )

Defendant   )

**Plaintiff Sues The New York Stock Exchange For**

**One Billion Dollars For Not Delisting Deutsche**

**Bank and Ocwen Financial, Inc. Due To The Civil and**

**Criminal Acts They Committed From The Year 2001**

**Through  May 2015.  This Complaint includes:**

**UNFAIR TRADE PRACTICE**
**CIVIL CONSPIRACY**
**CONTRACT CLAIMS**
**RACKETEERING CLAIMS**
**MAIL AND WIRE FRAUD**
**FAIR DEBT COLLECTION**
**NEGLIGENCE CLAIMS**
**DEFAMATION CLAIMS**
**BREACH OF CONTRACT**
**RESPA VIOLATION CLAIMS**
**FRAUD CLAIMS**
**INTENTIONAL DISTRESS**
**UNJUST ENRICHMENT**
**FAIR CREDIT REPORTING**
**OHIO CREDIT CLAIMS**
**TORTUOUS INTERFERENCE**
**TRUTH IN LENDING CLAIMS**
**CONVERSION CLAIMS**
**RECKLESS MISCONDUCT**
**HOME OWNERSHIP AND**
**EQUITY PROTECTION CLAIMS**
**TRADE COMMISSION ACT**
**VICARIOUS LIABILITY**
**DECLARATORY RELIEF**
**INJUNCTIVE RELIEF**

FILED 2015 MAY -8 A 8: 45 ANDREA F. ROCCO CLERK OF COURTS CUYAHOGA COUNTY

·1

Now comes the Plaintiff, Martin S. Stancik, Jr., and states as follows

## FIRST CAUSE OF ACTION

The New York Stock Exchange ("NYSE") is negligent for not investigating Deutsche Bank and Ocwen Financial Corporation, and for not enforcing NYSE regulations regarding these companies, and for not delisting them from the New York Stock Exchange for their "lawless actions", as the New York Stock Exchange knew or should have known these companies were violating NYSE rules, which is a breach of NYSE's contract with the public, and by so doing the NYSE condoned, approved and became a co-conspirator and party with Deutsche Bank and Ocwen Financial to the following wrongful acts:

First: Deutsche Bank is the parent company and responsible for the actions of all of its subsidiaries including, Deutsche Bank Trust Company Americas, who committed fraud in its suit, Deutsche Bank Trust Company Americas, Plaintiff, against Patricia Peabody, Defendant, 866 N.Y.S. 2d 21 (2008), when it submitted to the court a "retroactive" effective date written mortgage assignment that was signed after it was served.

The Supreme Court Saratoga County, N.Y. said "...plaintiff offers no evidence that it took physical delivery of the note and mortgage before commencing this (foreclosure) action, and again, the written assignment was signed after defendant was served. "The assignment's language purporting to give it retroactive effect, absent a prior or contemporary delivery of the note and mortgage is insufficient to grant it standing."

Second: Greg Lippmann of Deutsche Bank revealed in the bestseller, The Big Secret by Michael Lewis that in 2006 and following years, that Wall Street and Deutsche Bank packaged

2

worthless mortgages into bonds and then bribed the rating agencies to give them a high rating so they could sell these worthless bonds to investors to make money, and this is again fraud.

Third: All fifty states and the Consumer Protection Bureau ( "CFPB") have recently settled a civil action in 2014 for numerous violations against Ocwen Financial Corporation, and Ocwen Loan Servicing, LLC.

Fourth: New York's top financial regulator, Benjamin Lawsky, has expanded its investigation into Ocwen charging illegal fees, and deceptive business practices

Fifth: On December 20, 2013 Ocwen agreed to $2.1 billion settlement covering the period from 2009 to 2012 for charging customers unauthorized fees, deceiving customers and providing false or misleading information.

Sixth: Deutsche Bank and Ocwen Financial created false documents and filed false statements with the court in their four false foreclosure actions against Stancik starting in 2005 and running through 2015. They are the Alonge, the Assignment of Mortgage and the Corrective Assignment of Mortgage and they created terms like having an extra "National' in the document's name that wasn't true as a reason for some of their illegal and fraudulent actions.

Seventh: The increase of adrenaline to the heart secreted by the adrenal gland caused by prolonged periods of stress damaged the plaintiff's heart's coronary arteries so they were twisted out of shape like a summer garden hose resulting in the fact that the heart valves do not properly seat as the heart's pumping activity varied from chamber to chamber.

Eighth: The Richmond, Virginia Fourth Court of Appeals recently ruled that attorneys who lie are subject to RICO

## SECOND CAUSE OF ACTION

The Plaintiff incorporates into this Second Cause of Action all of the allegations

3

contained in the First Cause of Action as if fully written herein. Because the NYSE failed in its duties, Stancik has been damaged financially, physically, psychologically, and emotionally in excess of billions of dollars as his heart is only 15% effective, his heart is so out of shape his heart valves do not seat properly, he needs a heart transplant, his kidneys are only 50% effective, and he has difficulty breathing. The Plaintiff submits the following information showing Deutsche Bank and Ocwen's lawlessness required this delisting because by not delisting them, the NYSE gave the appearance that these companies were lawful, that the Better Business Bureau approved of their mortgage origination methods, that they were obeying NYSE and SEC regulations, and that NYSE said it was okay to do business with them. However, it has been shown that none of these attributes are true and the Plaintiff has been damaged due to the NYSE's endorsement of Deutsche Bank and Ocwen, and their false and criminal information they published and presented to the public. The impression one gets from being listed on the NYSE is that you are a "quality and honorable" company, but this is not true for Deutsche Bank and Ocwen Financial Corporation. If these two companies were not part of the NYSE the Plaintiff claims he would not have been damaged by their malicious actions.

## THE HEART, STRESS AND POST
## TRAUMATIC STRSS DISORDER

In times of stress the brain alerts the adrenal gland which secrets adrenaline and other chemicals that are carried to the heart and this stimulates the heart so that the heart will beat faster and send more blood to the area that has to respond to this stress, such as the muscles in case of a fight or the legs in case you have to flee. As the heart beats faster it can lose its shape as the different heart chambers receive and discharge the flow of blood at first going to the lungs for purification and then back to the heart and out through the arteries to the different organs of

4

the body. Therefore, stress for a short period of time is good, but if stress continues for a long period of time it can cause many problems such as Post Traumatic Stress Disorder, which many Iraqi war veterans are facing today. If it is not corrected, too much stress can cause permanent disability or even death. In Stancik's case, he has endured a massive amount of stress for ten years and his health has been impacted to the extent he can not work and enjoy life the way most people can due to four false foreclosures, and he suffers from enormous damage and losses from Post Traumatic Stress Disorder of the heart continually in every day life.

## FIRST VERRIFIED COMPLAINT

This law suit begins in 2004 and is still active today in May 2015.

The Plaintiff claims the New York Stock Exchange (NYSE) knew or should have known (1) that its requirement that a company be "law abiding" for membership in the exchange was being broken by Deutsche Bank, its subsidiary, Deutsche Bank National Trust Company, its servicing companies, HomEq Servicing Corp., and Ocwen Financial Corp., and (2) NYSE 's failure to delist these companies destroyed the Plaintiff's life financially, medically, and emotionally from 2005 to the present due to these corporations' actions in the administration of the Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital 1 Inc. Trust 2004-HE6 Mortgage Pass-Through Certificates, Series 2004-HE6 (Trust), and by their lying and creating false documents, which is forgery and a felony.

The Common Pleas Court of Cuyahoga County, Ohio is the natural court for this venue because Deutsche Bank filed its first false foreclosure against Stancik in this Court in 2005, and the three additional false foreclosures were filed again in 2006 and 2012 as well as Deutsche Bank's breach of contract, which occurred in 2006. In 2012 the fourth false foreclosure was filed in this court and Stancik claims Deutsche Bank's breach of contract makes them

5

responsible for his real estate taxes. Stancik filed an appeal in 2014 which is currently being heard in the Ohio Eighth Court of Appeals.

This action is brought to redress statutory violations pursuant to 18 U.S.C Section 1961 et Seq., (RICO); 15 U.S.C. Section 2301 et seq.; 18 U.S.C. Section 1341 et seq., (Mail and Wire Fraud); 15 U.S.C. Section 1601 et seq., Truth-In-Lending Act (TILA); 15 U.S.C. Section 1681 et seq., Fair Credit Reporting Act (FCRA); 15 U.S.C. Section 1692, Fair Debt Collection Practices Act (FDCPA); 12 U.S.C. Section 1205; Real Estate Settlement Procedures Act (RESPA); 15 U.S.C. Section 1639, Home Ownership Equity Protection Act (HOEPA); 15 U.S.C. Section 1601, et seq., Fair Credit Billing Act, and 15 U.S.C. Section 45, Trade Commission Act (FTCA).

Stancik also brings the following actions for common law adjudication. They are breach of contract, tortuous interference with contractual relations, unjust enrichment, fraud, misrepresentation, negligence, reckless and wanton misconduct, intentional infliction of emotional distress, defamation, conversion, and pendent jurisdiction for statutory violations under Ohio law for Unfair Trade Practice and the Consumer Protection Act against the New York Stock Exchange The statute of limitations for fraud is ten years.

Stancik brings this complaint for himself against the New York Stock Exchange based upon Deutsche Bank, Deutsche Bank National Trust Company, Ocwen Federal Bank FSB, Ocwen Financial Corporation, William C. Erbey, Felty and Lembright, LLP, David Gauntner foreclosure attorney, Dinn Hochman & Potter, LLC jointly and severally in order to obtain declaratory and injunctive relief, damages, including compensatory and punitive damages, costs of suit and attorney fees, saying and complaining as follows:

Stancik claims that the NYSE knew in 2006 about Deutsche Bank, and Ocwen Financial

6

wrong doings regarding home loans, mortgage bonds; collateralized mortgage obligations failures; credit default swaps losses on subprime mortgage bonds, and S&P and Moody's rating manipulation in the bundling of high risk mortgage bonds. This was revealed in the current bestseller, The Big Short by Michael Lewis. The book said, "In the second quarter of 2005 credit card losses hit an all time high and the FBI reported that mortgage-related fraud was up fivefold since 2000." There were other radio and television stories; financial news letters and warnings. The New York Times, Bloomberg, Wall Street Journal, Investor's Business Daily had articles about Americans being deceived by mortgage lenders and who were struggling more and more to meet their obligations. There were numerous law suits against Ocwen for fraud.

Deutsche Bank National Trust Company in 2005 filed a fraudulent law suit for collection against Stancik, which caused an unbelievable amount of damages. This law suit was followed by three more false foreclosure actions against Stancik, and this litigation continues up to day.

By not delisting Deutsche Bank and Ocwen Financial, the New York Stock Exchange, approved and condoned their lawless actions and thereby became a co-conspirator in these legal actions. They joined in causing the damages that Stancik incurred.

In Stancik's case there were three law firms, Gerner & Kearns, Felty & Lembright and Dinn Hochman & Potter; 15 attorneys, attorneys Cunningham, Gerner, Kearns, McConnell, Klineman, Sottile, Barile, Felty, Lembright, Gauntner, Dinn, Hochman, Potter, Carnahan and Cavell who filed false documents documents for Deutsche Bank against Stancik; there were two Common Pleas Judges, Judges Timothy McCormick and Carolyn Friedland, and one Federal Judge, Justice Solomon Oliver, who had a double standard; there were two loan servicing companies, HomEq and Ocwen Financial, that created false documents and only the Cleveland Browns former football great, Judge Dick Ambrose ruled for Stancik and upheld the law.

7

The NYSE showed little concern for Stancik by ignoring its own published regulations, and failing to supervise the activities of Deutsche Bank and Ocwen Financial, two companies the stock exchange had a duty by their own rules to delist.

### NATURE OF THE ACTION

1       This action is brought under the pertinent provisions and the rules of Civil Procedures of the State of Ohio and the local civil rules with respect to consumer mortgages originated, acquired, serviced, collected and/or foreclosed by HomEq, Ocwen Financial Corporation and Deutsche Bank National Trust Company and debt collection practices engaged by Felty and Lembright LLP, and Dinn Hochman and Potter, LLP,

2       In this mortgage scheme, New Century Mortgage Corporation and their assign and agents including the New York Stock Exchange, Deutsche Bank and Ocwen Financial, including William C. Erbey, who have reaped millions of dollars in profits through employment of a pattern of deceptive practices, misled Stancik into acquiring a mortgage and then employed discriminatory, predatory, unconscionable and fraudulent tactics to service, to collect or foreclose on said mortgage.

3       This action seeks damages, including punitive damages, redress of injuries, injunctive and declaratory relief, disgorgement of profits, rescission, attorney fees and costs, and other relief, all arising out of the New York Stock Exchange, Deutsch Bank and Ocwen Financial Corporation's violation of 18 U.S.C. Section 1961 et seq., (RICO), 15 U.S.C. Section 2301 et seq., 18 U.S.C. Section 1341 et seq. (Mail and Wire Fraud), 15 U.S.C. Section 1601 et seq., 15 U.S.C. Section 1681 et seq., (FCRA), 15 U.S.C. Section 1692 et. Seq., (FDCPA), 12 U.S.C. Section 1205, (RESPA, 15 U.S.C. Section 45, (FTCA), breach of contract, tortuous interference with contractual relations, constructive trust, unjust enrichment, fraud,

8

misrepresentation, defamation, conversion, intentional infliction of emotional distress, wanton and reckless misconduct, negligence and statutory violations under Ohio law, the Ohio Reporting Act, as well as related claims in connection with deceptive mortgages marketed, originated, serviced or transferred by New Century Mortgage Corporation.

4 This action also seeks injunctive relief, damages, including punitive damages, redress of injuries, disgorgement of profits, attorney's fees and costs, and other relief, all arising out of Felty and Lembright, LLP, and Dinn Hochman & Potter's collection efforts for HomEq and Ocwen Financial Corporations which entail RICO violations, tortuous interference with contractual relations, violation of FDCPA, defamation, intentional infliction of emotional distress, negligence and violations of other laws.

5 This action also seeks injunctive relief against the law firm of Gerner & Kearns, L. P.A., who filed in 2012 the fourth false foreclosure with counterfeit documents for Deutsche Bank National Trust Company against Stancik. The attorneys who signed the foreclosure document for Deutsche Bank et al., are Margaret Cunningham, (0088550), Erin K. McConnell (0084657), Susan B. Klineman (0074425), D. Anthony Sottile (0075101), Franco M. Barile (0080301) and Gerner & Kearns Co. LPA, Attorneys for Deutsche Bank et al., 809 Wright Summit Parkway, Suite 200, Fort Wright, Ky, 41011

### PLAINTIFF IN 2004

6 Stancik presently is, and at all times relevant to this cause of action, was a Ohio domiciliary and resident of Berea, Ohio. In March 2004, influenced by deceptive marketing efforts of New Century Mortgage Corporation, Stancik borrowed a consumer loan in the original principal amount of $50,000 from New Century Corporation on his mortgage free home valued at $200,000. Stancik was starting a new job in 2005 at an income of

9

$100,000 per year, but it was put on hold pending the outcome of the first false foreclosure claim against him resulting in his inability to obtain the required errors and omission insurance in 2005. He is now 87 years old and has been a financial advisor for 50 years. He had professional athletes; movie and television stars; corporate executives; radio and public officials; physicians and dentists, and elected officials to mention a few among his thousands of clients

7    Stancik also relied upon the integrity of New Century and its representations in a Truth in Lending statement furnished him, and was induced by written representations of New Century and/or its agents to proceed to closing the loan

8    More particularly, as set forth below, these representations were false or materially misleading, and formed the genesis of a carefully calculated conspiracy by Deutsche Bank, Deutsche Bank National Trust Company and HomEq, and their predecessors in interest, agents to deceive Stancik, misappropriate his funds, and ultimately foreclose on his property with the knowledge and consent of the New York Stock Exchange that they knew of this scheme or should have known of it.

## DEFENDANTS IN 2004

9    The New York Stock Exchange ("'NYSE") is an American stock exchange. It is the world's largest stock exchange by capitalization. The New York Stock Exchange's Listed Company Manual is the comprehensive rulebook for listed companies. The Manual also details original and continued listing requirements of the Exchange and sets forth NYSE rules and policies on such matters as corporate governance, shareholder communications, shareholder approval and the requirement that listed companies must obey the law.

10    Deutsche Bank is the world's largest Bank and is reported to have over 500

10

subsidiaries, partnerships and loan servicing companies worldwide. It buys mortgage loans from original mortgage makers, packages the mortgages into bonds and sells them to investors such as mutual funds and pension plans. Deutsche Bank is traded on the New York Stock Exchange under the symbol DB.

11    Stancik is interchangeably referred to as "Plaintiff" and states that Ocwen Financial Corporation (hereinafter "Ocwen") is, upon information and belief, a publicly held financial services company headquartered in West Palm Beach, Florida.

12    Upon information and belief, Ocwen Financial is a holding company for Ocwen Federal Bank FSB (hereinafter "Ocwen") a federal chartered savings bank engaged in discounted loan acquisition and residential commercial lending

13    Ocwen Financial's primary business is the servicing and special servicing on nonconforming, sub-performing and non-performing residential and commercial mortgage loans. Ocwen Financial services more than $15 billion of management intensive single-family residential loans.

14    Ocwen Financial is traded on the New York Stock Exchange under the symbol OCN.

### THE YEARS 2005 AND 2006

15    In 2004 Stancik learned that New Century was the largest maker of home loans in the nation and that they sold these loans to Deutsche Bank, the world's largest bank who packaged them into bonds and sold them to investors such as mutual funds and pension plans. They were excellent investments for the bond holder as they had a guaranteed income, and good for the home owner as their home value appreciated each year if the mortgage payments were paid. If they were not paid, the bond was worthless.

16    In March 2004 New Century gave Stancik a $50,000 mortgage loan on his

11

paid for $200,000 home, which New Century said was prime property. In July of 2004 New Century sold this mortgage to a Deutsche Bank subsidiary, Deutsche Bank National Trust Company who assigned this loan to be serviced by HomEq Servicing Corporation. However, HomEq in early 2005 said Stancik was delinquent in his monthly mortgage payments, and they refused all future mortgage payments and put his home into foreclosure. Stancik tried to contact HomEq numerous times because Stancik had the cancelled checks to prove he was current, but HomEq would not discuss this foreclosure with Stancik, so he filed a Million Dollar wrongful contract suit against HomEq and they retained Ulmer and Berne to defend their foreclosure. Stancik retained Mr. Robert McClelland, now a judge in the Cuyahoga County Common Pleas Court, who proved to Ulmer and Berne that all payments had been made, and which Ulmer and Berne accepted.

17     Ulmer and Berne in May of 2006 prepared a Stipulated Motion of Dismissal and a Mutual Release and Settlement Agreement that said Stancik was not in default, and this Agreement gave Stancik $5000, waived all refused payments, interest and penalties and was agreed to and signed in May 2006 by HomEq and Stancik. Stancik was to begin making his regular house payment in May 2006 along with his real estate taxes.

18.     Stancik made his payments for May, June, July and August 2006 when in September 2006 his August 2006 payment was returned by HomEq with a letter saying his mortgage payments are being refused because his house was back in foreclosure. Again, Stancik called HomEq and made numerous attempts to resolve this problem, but HomEq would not talk to Stancik because his house they said, "was in foreclosure."

19     During this time Stancik's new $100,000 job was put on hold as this foreclosure and his errors an omission problem had to be resolved. This caused Stancik an unbelievable amount

of stress as his future employment was now in doubt and his $100,000 a year income in question. This breach was the second foreclosure as it renewed the first foreclosure.

20    Stancik made numerous attempts to resolve this problem, but his phone calls were either not answered, he was put on hold for a long period of time or he was told that someone would call him back, which never happened. Due to the worry of losing his home, losing his job and losing his income Stancik spent six months tying to resolve these problems, but he was never able to do so, and the stress increased. September 2006 was the third foreclosure.

### THE YEARS 2007, 2008 AND 2009

21    Due to this stress, it is now called Post Traumatic Stress Disorder, Stancik was feeling miserable and finally drove himself to the emergency room of Southwest Community Hospital about 5:30 a.m. on Friday March 24, 2007 and was diagnosed with a heart beat of over 200 beats per minute. He was said to be near death and immediately rushed into emergency cardiac care for three days and then had quadruple heart bypass surgery, He was hospitalized for two weeks and then in a nursing home for two months. When he was returned home he had congestive heart failure twice, was readmitted to the hospital a number of times and in October 2007 had a pace maker and defibrillator implanted.

22    In October 2007 Wall Street investment Guru, Meredith Whitney warns that Citicorp has mismanaged its investments so badly that Citigroup CEO Chuck Prince had to resign

23    In 2008, 2009 and 2010 Stancik was near death a number of times as his heart stopped eight times and was started six times by a jolt from his defibrillator and twice by the chemicals in his prescriptions. He takes thirteen prescriptions a day, some twice a day.

24    New Century Mortgage Corporation, Stancik's mortgage originator filed for bankruptcy in 2007.

25 The following court case was unpublished and hidden from the public in 2008. Deutsche Bank v. Peabody, 866 N.Y.S 2d 91 (2008). When making this loan Deutsche Bank (EquiFirst) violated Regulation Z of the Federal Truth in Lending Act 15 USC Section 1601 and the Fair Debt Collection Practice Act USC 15 USC, Section 1692; "intentionally created fraud in the factum" and withheld from plaintiff…"vital information concerning said debt and all of the matrix involved in making the loan".

26 Meredith Whitney warns Wall Street in 2008 that the subprime mortgage industry is on the verge of collapse. This pending collapse affects the value of Stancik's mortgage.

27 In 2009 TARP, The Troubled Asset Relief Program is enacted as million of homes are forced into foreclosure. Major banks and brokerage houses merge or go out of business.

## YEARS 2010, 2011 AND 2012

28 In 2010 Deutsche Bank replaces HomEq with Ocwen Financial Corporation as loan servicer for Stancik's mortgage and Ocwen sends Stancik a new bill with the incorrect amount due and dismisses the conditions agreed to in the Mutual Release and Settlement Agreement They also omit everything that occurred from 2004 up to 2010.

29 Stancik also receives letter from retail credit saying his credit line has been reduced due to multiple foreclosures and also received letter of termination from the insurance company.

30 Ocwen sends Stancik a new bill in November 2010 and demands payment for all back payments, waived interest and penalties. Because of the Mutual Release and Settlement Agreement Stancik tries to contact Ocwen during 2011 numerous times but is unable to get through to the company because their phone line is busy or he is held on "hold" for a unreasonably long period of time.

31. In November 2011 Stancik filed a law suit against Ocwen, Ulmer and Berne, Deutsche

14

Bank et al for breach of contract etc. but Ulmer and Berne in 2012 filed a brief asking to be removed because they settled with Stancik and said the agreement signed showed that Stancik did not miss any payments. Their removal was approved by Judge Timoth McCormick. However, but at the same time Ocwen's attorney, Mr. David Gauntner of Felty and Lembright filed a February 2012 brief asking for summary judgment saying Stancik had fallen behind in making his house payments, which was not true because HomEq had refused all of Stancik's payments and contrary to Ulmer and Berne's brief, Judge McCormick granted summary judgment to Ocwen, and, as a result, this ruling contradicted his ruling for Ulmer and Berne. Stancik claims this is a double standard

32. Stancik appealed this summary judgment decision to the Northern U. S. District Court and claimed his civil rights had been violated, but Chief Justice Solomon Oliver denied this appeal and agreed with Judge McCormick's decision. Judge Oliver did not require an answer from Ocwen for Stancik's complaint, and Stancik claims this is again a double standard.

33. Deutsche Bank files fourth false foreclosure against Stancik in November 2012 and includes a counterfeit Alonge, Assignment of Mortgage and a Corrective Assignment of Mortgage signed by New Century. Stancik showed the court that these documents are false because New Century sold this mortgage to Deutsche Bank in July 2004 and also that New Century filed for bankruptcy in 2007. Judge Dick Ambrose gave Deutsche Bank 15 days to correct this error, but they failed to do so. Judge Ambrose denied Deutsche Bank's foreclosure action without prejudice in 2013.

## YEARS 2013, 2014 AND 2015

34. Stancik files a complaint in December 2013 against Deutsche Bank and Ocwen for

15

damages due to defamation, false documents, and willful and malicious injury and this case is assigned to Judge Carolyn Friedland. Mr. Hunter Cavell of Dinn Hochman & Potter is Deutsche Bank's and Ocwen's attorneys.

35 Mr. Hunter in his answer to Stancik's complaint asked for summary judgment because they have new found evidence that there was an extra "National" in the foreclosure document that had to be changed, and this answered Judge Ambrose's request for additional information.

36. Stancik makes repeated requests to Judge Friedland for the reproduction of this document with the extra "National", but is refused. Judge Friedland grants summary judgment for Deutsche Bank and Ocwen Financial.

37. Stancik filed an appeal with the Eighth Court of Appeal in 2014 and claims Judge McCormick, Judge Friedland and Justice Oliver had a double standard and failed to uphold the law, and only Judge Dick Ambrose upheld the law because Ulmer and Berne admitted Stancik was not delinquent in his mortgage payments while Felty an Lembright said he had fallen behind

38 Mr. Hunter in the Appellee reply to Stancik's request in the Appellant's brief for the document with the extra "National" in its name, admitted this document did not, and never did exist. Instead, he wanted to replace this document with the Assignment of Mortgage and the Corrective Assignment of Mortgage, which Judge Ambrose denied. Stancik in oral arguments asked the Appeals Court to consider this new evidence but was refused because it was not part of the documentation from Judge Friedland's trial.

39. Stancik filed a motion for a new trial and a request for Judge Friedland to reverse her decision because a summary judgment can not be granted on evidence that is admittedly false, but she refused saying she was waiting for the Appeals Court's decision, which is a run around because the Appeals Court can't 'make a decision based on this new information since it was not

16

in Judge Friedland's Court.

40      Stancik has filed an another appeal in 2015 with the Appeals Court concerning Judge Friedland' second decision about not hearing this case with the admission that the extra "National" did not exist.  **See Exhibit A 1**

41.      While researching this case in the library in April 2015, Stancik found an article in the New York Times for June 13, 2011 that explains why HomEq refused Stancik's August 2006 mortgage payment in September 2006 and said he was back in foreclosure.  The article explained that if the mortgage had a negative cash balance, Deutsche Bank would return the bond to the servicer (HomEq) to be made whole.  In Stancik's case, Stancik's bond had a negative cash balance due to the settlement made for the first false foreclosure, and, therefore, HomEq had to recover the amount they paid Stancik so his bond account would have full value. They did this by stealing the amount they paid Stancik through another hidden foreclosure claim without the proper documentation and the court hearing required by law causing an unbelievable amount of stress for Stancik and his post traumatic stress heart problems.

Stancik alleges and realleges all prior allegations of this Complaint and incorporates them in the following Counts:

## COUNT I

## SOME COMPLAINTS AGAINST OCWEN THE

## NYSE KNEW OR SHOULD HAVE KNOWN

42      Many dozens of Better Business Bureaus have recorded repeated complaints about Ocwen from Ocwen accounts and that Ocwen had been determined to engage in a policy and practice of not responding at all or adequately to consumer concern and BBB efforts to discern the gravity of the Ocwen mortgage loan servicing practices problem.

17

43    The BBB of Southland, California, for example in a report dated February 12, 2002 rated Ocwen "as having an unsatisfactory business performance record due to a pattern of unanswered customer complaints. Most complaints allege they experience difficulty obtaining information regarding billing discrepancies or correct loan amounts. Some customers complain of Ocwen representatives not giving their correct names. Others contend their payments are mismanaged causing penalties and late fees.

44    The BBB of San Diego on February 24, 2002 rated Ocwen as having an "unsatisfactory record with the Bureau due to unanswered complaints"

## COUNT I I

## VIOLATION OF FEDERAL RICO (18 U.S.C. SECTION 1962 (c) (d)

45.    This action is brought under 18 U.S.C. Section 1962 (c) and (d) commonly known as the Federal Racketeer Influence and Corrupt Organization Act ("RICO") and is asserted against the New York Stock Exchange, Deutsche Bank and Ocwen Financial, called RICO Defendants.

46.    The RICO Defendants are an "enterprise" within the meaning of 18 U.S.C Section 1961 (4).

47.    They are engaged in, and their activities affect, interstate commerce in a number of ways, including but not limited to the following:

(A)    They engage in finance, sale of stock, deal in discounted loan acquisition and residential and commercial lending

(B)    They deal in trillions of dollars of assets including more than $15 billion in the management, buying and selling of single family residential loans

(C)    They deal with money nationally and have millions of people as customers.

(D)    At all relevant times, each of the RICO Defendants was a "person" within the

18

meaning of 18 U.S.C. Section 1961 (3), as each of the RICO Defendants was capable of holding a legal or beneficial interest in property

(E)    Each of the RICO Defendants received income derived, directly or indirectly, from their pattern of racketeering activity.

## COUNT III

## NYSE AND DEFAMATION

48    Deutsche Bank and Ocwen habitually disseminated derogatory communications regarding Stancik among their employees.

49    Deutsche Bank and Ocwen maintained derogatory communications regarding his credit to national credit reporting agencies.

50    Stancik has suffered emotional distress, embarrassment, and/or adverse credit scoring and denial of further credit as a consequence of being defamed by Deutsche Bank and Ocwen Financial.

51    By reason of Deutsche Bank and Ocwen's defamation, they have each caused actual damages and injuries to Stancik in amounts yet to be determined.

## COUNT IV

## BREACH OF CONTRACT

## NYSE KNEW OR SHOULD HAVE KNOWN ABOUT

52    Stancik entered into a binding contract with New Century Corporation which was assumed by Deutsche Bank, Deutsche Bank National Trust Company, HomEq and Ocwen Financial regarding the origination an servicing of his mortgage loan.

51    By one or more actions Deutsche Bank, et al. breached the express or implied terms of the contract it created and entered into with Stancik.

19

53    Stancik has and will suffer damages in an amount to be determined at trial, which includes, without limitation compensatory, restitutionary, and punitive damages, plus the cost of suit.

## COUNT V

## NYSE AND VIOLATION OF REAL

## ESTATE SETTLEMENT PROCEDURE ACT

54    The Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. Section 1605 et seq., provides a private right of action by purchases of mortgages against lenders and loan servicers who, *inter alia*, fail to comply with the federal law mandates for timely researching, responding and if need be, removing derogatory information from the borrower's loan files and histories.

55    The NYSE knew or should have known that Deutsche Bank and Ocwen failed to comply with the terms of RESPA, Section 6 despite the repeated requests of Stancik to do so.

56    The NYSE knew or should have known that Deutsche Bank and Ocwen breached RESPA by intentionally, recklessly or negligently compiling erroneous loan history information history on Stancik and by failing to properly research and rescind such ruinous information with a reasonable time and without charge.

57    As a result of the foregoing, Stancik has suffered damages to an extent in an amount reserved for determination at trial.

## COUNT VI

## NYSE KNEW OR SHOULD HAVE

## KNOWN ABOUT THIS FRAUD

58    Deutsche Bank and Ocwen failed to disclose the reason for the return of the August 2006 mortgage payment in September 2006 and said the mortgage was back in foreclosure. They did

20

not disclose the reason, interest rate and terms of this new foreclosure.

59    Deutsche Bank and Ocwen failed to disclose the reason for this foreclosure was their attempt to recover the amount they paid Stancik in the Mutual Release and Settlement Agreement as reported in the June 13, 2011 NewYork Times on page B1.

60    Deutsche Bank and Ocwen presented to the Court false documents in their December 2012 foreclosure. They were the Alonge, Assignment of Mortgage and they Corrective Assignment of Mortgage.

61    Deutsche Bank and Ocwen had willfully submitted false notary statements verifying these document.

62    Deutsche Bank and Ocwen said there was an extra "National" in the title of one of the documents which they later admitted in the Appeals Court was not true.

63    Kevin Flanagan's notarized statement about this extra "National" was not true.

64    Deutsche Bank and Ocwen's statements about New Century signing certain documents in 2010 is not true as New Century did not own these documents in 2010

65    Deutsche Bank and Ocwen's scheme included false and misleading letters, amounts and other mailing about the amount due in their attempt to recover the amount paid in the Mutual Release and Agreement Settlement.

## COUNT VII

### NYSE KNEW OR SHOULD HAVE KNOWN ABOUT

### TOLLING OF THE STATUTE OF LIMITATIONS

66    The deceptive nature of Deutsche Banks and Ocwen's Scheme and mortgage servicing practices are latent and self-concealing. Accordingly, exercising reasonable care, Stancik could not discover that such inherent deceptiveness existed in the relationship he was induced to enter

21

with Deutsche Bank and Ocwen

67    By suppressing the dissemination of truthful information regarding the deceptive nature of its Scheme and mortgage servicing practices, Deutsche Bank and Ocwen actively foreclosed Stancik from learning of the Scheme's inherent deceptiveness, and unfairness.

68    By reason of the foregoing, the claims of Stancik are timely under any applicable statute of limitations (as tolled by the filing of this law suit Complaint) pursuant to the discovery rule and doctrine of fraudulent concealment.

69    The activities engaged in by Deutsche Bank and Ocwen Financial and Ocwen have created and/or are creating unreasonable risk of ruinous financial harm to Stancik.

70    As a direct and proximate result of the intentional infliction of emotional distress by Deutsche Bank, Ocwen Financial and Ocwen, Stancik has suffered and/or will suffer damages.

71    Deutsche Bank and Ocwen willfully engaged in and continue to engage in the acts complained of in this Complaint, and they knew or should have known that their acts were unfair and deceptive.


## COUNT VIII

## NYSE KNEW OR SHOULD HAVE KNOWN ABOUT

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

72    Deutsche Bank and Ocwen intended to injure Stancik by their acts.

73    The activities engaged in by Deutsche Bank and Ocwen have created and/or are creating a serious risk of infliction of intentional infliction of emotional distress.

74.    Stancik was in fact injured by the intentional acts of Deutsche Bank, Ocwen Financial, Gerner and Kearns, Felty and Lembright and Dinn Hochman and Potter

75    The outrageous conducts of Defendants, individually and severally, in engaging in false,

22

misleading and deceptive mailings, and in repeatedly reporting Stancik as delinquent or in default on his loan to national credit reporting agencies and in threatening Stancik with foreclosure has caused Stancik humiliation, mental anguish, loss of job and emotional distress.

76     These acts of omission and commission, together with the aforesaid practices, customs, policies of Defendants, collectively or individually, were therefore a direct and proximate cause of the pain, suffering, humiliation and statutory deprivations described above to Stancik.

77     The practices, policies and customs, as set forth in the preceding paragraphs were a deliberate and conscious choice by each corporate defendant that establishes a deliberate indifference to Stancik's rights.

78     The actions of Defendants, taken without lawful justification, constitute the negligent infliction of emotional distress upon Stancik under Ohio law.

79     The actions of Defendants, taken without lawful justification constitute the intentional infliction of emotional distress upon Stancik under Ohio law.

## COUNT  IX

## NYSE  KNEW OR SHOULD HAVE KNOWN ABOUT

## DEFENDANTS' UNJUST ENRICHNMENT

80     The misconduct of  Deutsche Bank and Ocwen, individually and severally, in engaging in false, misleading and deceptive mailings and foreclosures, and in originating, servicing, collecting fraudulent notary documents  have resulted in the Defendants' being unjustly enriched.

81     As a result of the foregoing, Stancik has suffered damages to an extent and in an amount reserved for determination at trial.

23

82    Moreover, as a result of the actions of defendants as described above, Defendants have been unjustly enriched and should return to Plaintiff the amount of money by which they have been unjustly enriched.

83    As a result of their having been unjustly enriched, Defendants should be made to disgorge and return to Stancik the amount of money by which they have been unjustly enriched

## COUNT X

## NYSE  KNEW OR SHOULD HAVE KNOWN ABOUT

## VIOLATIONS OF FAIR CREDIT REPORTING ACT

84    Deutsche Bank and Ocwen failed to conduct proper investigations of disputed credit entries by Stancik in violation of 15 U.S.C. Section 1681 (i).

85    The Defendant prevented Stancik from explaining in credit records that  Stancik contested certain accountings in violation of 15 U.S.C. Section 16681 (e).

86    The Defendants failed to afford Stancik the opportunity to attach to any credit report being transmitted to a  national credit reporting agency a  rebuttal statement showing that Stancik disputed the alleged debts , alleged late payments and alleged delinquencies.

87     The Defendants continued to list Stancik as past-due, delinquent, in default, or foreclosed on their credit reports even after being notifies that the underlying debt entries were false or erroneous, and also in violation of 15 U.S.C. 1681 (e).

88     The Defendants' failure to take appropriate corrective action after being advised of the inaccuracy of the credit reports being transmitted to national credit reporting agencies, resulted in loss of business and consumer opportunities for Stancik

89     The law firms Gerner & Kearns, Felty & Lembright and Dinn Hochman & Potter filed to conduct proper investigations of disputed credit entries by Stancik in violation of 15 U.S.C.

24

Section 1681 (i)

90    These law firms failed to correct the credit reports of Stancik in violation of 15 U.S.C. Section 1681 (e).

91    These law firms continued to list Stancik as past due, delinquent, and/or in default even after being notified that the underlying debt entries were false or erroneous, and also in violation of 15 U.S.C. 1681 (e).

92    As a result of the foregoing, Stancik has suffered damages to an extent and in an amount reserved for determination at trial.

## COUNT XI

### NYSE KNEW OR SHOULD HAVE KNOWN ABOUT

### VIOLATIONS OF OHIO CONSUMER CREDIT REPORTING ACT

93    Deutsche Bank and Ocwen failed to conduct proper investigation of disputed credit entries in violation of Ohio Consumer Protection Laws.

94    Deutsche Bank and Ocwen continued to list Stancik as past-due, delinquent, in default, foreclosed on his credit reports even after being notified that the underlying debt entries were false or erroneous and in violation of Ohio Consumer Protection Laws

95    As a result of the foregoing, Stancik has suffered damages to an extent and in an amount reserved for determination at trial

## COUNT XII

### NYSE KNEW OR SHOULD HAVE KNOWN ABOUT

### VIOLATIONS AND TORTUOUIS INTERFERENCE

### WITH CONTACTURAL RELATIONS

96    Deutsche Bank and Ocwen's acts of commission and omission complained of in

25

preceding paragraphs of this complaint amounted to a violation of the implied contract of good faith and fair dealing required when dealing under a contract.

97    By its actions Deutsche Bank and Ocwen have injured Stancik

98    As a result of the foregoing, Stancik has suffered damages to an extent and in an amount reserved for determination at trial.

99    The law firms, Gerner & Kearns, Felty & Lembright and Dinn Hochman & Potter's acts of malfeasance and nonfeasance complained of in preceding paragraphs of this Complaint amounted to a breach of the implied duty of good faith and fair dealing inherent in relationships arising out of contract

100    By injecting themselves into the mortgage servicing contracts Deutsche Bank and Ocwen on the one hand, and Stancik on the other, and by falsely accusing Stancik of having defaulted on servicing contracts these law firms tortuously interfered with contractual relations between Deutsche Bank and Ocwen and Stancik

101    By their action, the law firms injured Stancik.

102    As a result of the foregoing, Stancik has suffered unspecified damages, although Stancik is at this juncture seeking only injunctive relief against the law firms he is reserving the right to pursue monetary damages at trial

## COUNT XIII

## NYSE KNEW OR SHOULD HAVE KNOWN ABOUT

## VIOLATIONS IN TRUTH AND LENDING ACT

103    Deutsche Bank and Ocwen's actions complained in the Complaint violated the Truth In Lending Act

26

104 Deutsche Bank and Ocwen's actions have injured Stancik to an extent to be determined at trial.

## COUNT XIV

### NYSE KNEW OR SHOULD HAVE KNOWN ABOUT

### TRADE COMMISSION ACT

105 Deutsche Bank and Ocwen did not possess and rely upon a reasonable basis that substantiates the representation at the time they were made

106 Deutsche Bank and Ocwen's practices constitute deceptive acts or practices in or affecting commerce in violation of Section 5(a) of the the Federal Trade Commission Act, 15 U.S.C. Section 45 (a)

107 In the course and conduct of offering and extending credit, New Century had represented, expressly or by implication, that adjustments in the interest rate on its ARM loans are based entirely on changes in the LIBOR index and that, over the course of the loan, the interest rate can be lower than the initial teaser rate.

108 In truth and in fact, the adjustments in the interest rate on Ocwen's ARM loans that have replaced New Century are not based entirely on changes in the LIBOR index, and over the course of the loan the interest rate can not be lower than the initial teaser rate.

109 The initial teaser interest rate automatically increases as much as one percentage point every six months until the artificial discount disappears, and the lowest the interest rate can be is the initial teaser interest rate, regardless of any decrease in the LIBOR index. Therefore, Ocwen's representation as alleged was, and is, false or misleading.

110 Ocwen's practices constitute deceptive acts or practices in or affecting commerce in violation of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. Section 45.

111    In the course and conduct of offering and extending credit, Ocwen has represented, expressly or by implication, that the initial monthly payment on its New Century loans will not increase unless the LIBOR index increases

112    In truth and in fact, the initial monthly payment on Ocwen's ARM loans will increase even if the LIBOR index does not.  The initial monthly payment will increase at every six-months adjustment period until the New Century artificial  discount disappears, regardless of whether the LIBOR indeed increases.

113    Therefore, Ocwen's representation for the New Century loan originally given to Stancik was, and is, false or misleading.

114    Ocwen's practices constitute deceptive acts or practices in or affecting commerce in violation of Section 5 (a) of the Federal Trade Commission Act 15 U.S.C. Section 45 (w).

## COUNT XV

### NYSE KNEW OR SHOULD HAVE KNOWN ABOUT

### DEFENDANTS' CONVERSION

115    The Defendants' actions alleged in this Complaint amounted to conversion of funds.

116    By their actions, the Defendants have injured Stancik, and he has suffered damages to an extent to be determined at trial.

## COUNT XVI

### NYSE KNEW OR SHOULD HAVE KNOWN ABOUT

### DEFENDANTS'RECKLESS AND WANTON MISCONDUCT

117    The Defendants' actions allege above amounted to reckless misconduct which have damaged Stancik to an extent to be determined at trial.

28

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury for all the issues triable

## RELIEF REQUESTED

WHEREFORE: Plaintiff respectfully requests that this Court:

(a) Assume jurisdiction over this action

(b) Declare the Defendants, the New York Stock Exchange, Deutsche Bank and Ocwen Financial Corporation have engaged in conduct which constitutes unlawful practices under RICO, FDCPA, FCRA, FCBA, RESPA, TILA, HOEPA, and CCCRA

(c) Award the Plaintiff **One Billion Dollars.**

(d) Refer any violations of federal bribery, extortion, larceny or other criminal code violations to the appropriate prosecutorial authorities for action.

(e) Grant Plaintiff such other additional relief as the court deems equitable

The Plaintiff asks, " How much is one's good health worth?"

Respectfully submitted,

Martin S. Stancik, Jr. Pro se
724 Wyleswood Drive
Berea. Ohio 44017
440-243-5426

## Certification

I certify a copy of this brief was mailed on May 8, 2015 to: The New York Stock Exchange at 18 Broad Street, New York NY 10005 and Hunter Cavell at Morris Laing, Suite 250, 25700 Science Park Drive, Cleveland Ohio, 44122 attorney for Deutsche Bank and Ocwen Financial Corp..

Respectfully yours,

Martin S. Stancik, Jr. Pro se
724 Wyleswood Drive
Berea, Ohio 44017
440-243-5426

30

FILED

1015 APR 27 | P 3: 46

CLERK OF COURTS
CUYAHOGA COUNTY



EXHIBIT
A-1

# THE EIGHTH COURT OF APPEALS
## CUYAHOGA COUNTY, OHIO

Judge:

COA NO.  CA 15 102957

TRIAL COURT NO.  CV-13- 814375

JUDGES  KEOUG, BLACKMON & MAYS

| | | |
|---|---|---|
| Martin S. Stancik, Jr. | ) | "PLAINTIFF SEEKS NEW TRIAL DUE TO FRAUD AS DEFENSE ATTORNEY LIED |
| Appellant-Plaintiff | ) | AND THRICKED JUDGE FRIEDLAND." THIS IS THE <u>DOCUMENT FOR THE APPEAL</u> |
| Vs. | ) | OF JUDGE FRIEDLAND'S DECISION NOT TO HAVE A NEW TRIAL AND TO REVERSE HER |
| Deutsche Bank (amended 2/4/2014) | ) | CURRENT DECISION DATED APRIL 15, 2015 |
| Appellee-Defendant | ) | |

**FILED**
COURT OF APPEALS

**APR 27 2015**

Clerk of Courts
Cuyahoga County, Ohio

## <u>CUYAHOGA COUNTY PROSECUTOR MCGINTY SAYS THE FIX IS IN</u>

2

## The Facts

1.     At the March 19, 2015 Oral Hearing in the Appeals Court, the Appellee admitted in their reply that they were guilty in submitting to the Judge Friedland Common Pleas Court documents that were not true.  The Appellant asked the Appeals Court to admit this admission into the Court's hearing but was denied because this evidence was not part of the original documents from the Judge Friedland's Common Pleas Court.

2.     To correct the record, the Appellant then filed this motion in Judge Friedland's Court to have a new trial and asked the Judge to reverse her decision based on this new admission of guilt. **See Exhibit AA.**  On April 20, 2015 the Appellant received a post card from the Judge Friedland saying this motion is denied pending the Appeals Court's decision.  As this admission of guilt is very important to the Appellant's case not only in the Court of Appeals, but also in Judge Friedland's Court and for future litigation, the Appellant asks the Appeals Court to reverse Judge Friedland's decision or to order a new trial.

## The Law

3.     In the Appellant motion for a new trial, the Appellant was surprised that Judge Friedland acted as both Judge and defense attorney because she made her decision without getting an answer from the defense attorney.  The Appellant thought that when the other party did not present an answer they were in fact agreeing with the complaint.  **See Exhibit BB.**

4.     The Defense attorney admitted their guilt that the extra word "National" did not exist and to make matters worse used as an excuse that they wanted to substitute as new evidence and replace the non-existent word "National" with "The Assignment of Mortgage and the Corrective Assignment of Mortgage." Judge Dick Ambrose ruled these documents fraudulent and denied their admission in 2013.  It was Judge Ambrose's decision that caused the defense to create

3

the lie about the extra "National", and now the defense wants to replace the extra "National" and resubmit the same documents Judge Ambrose originally denied as evidence and led to the false "National" statement.

5.  The Appellant claims Deutsche Bank committed a felony when they created and submitted these documents in their 2012 foreclosure action against Stancik, and this foreclosure was denied by Judge Ambrose.  Their resubmission now of these same documents to the Appeal Court in the Appellee reply is a lie and a repeat of this felony.  The Fourth Court of Appeals of Virginia says an attorney who submits a known lie is guilty of a RICO violation

6.  The Appeals Court said it could not hear this information in Oral Arguments because it was not in the Common Pleas Court's records, and the Common Pleas Court will not rule on this information until the Appeals Court makes its decision, but the Appeals Court can't make its decision on this information until the Common Pleas Court acts, and this goes round and round and round again, but the Appellant claims this Appeal's decision is in error due to this felony.

7.  The Appellant says Judge Friedland by law can not accept a felony as evidence, and therefore her entire decision should be denied by the Appeals Court. This information was part of the history that Stancik presented in his complaint originally to Judge Friedland in 2014.

8.  Former judge and current Cuyahoga County Prosecutor Timothy J. McGinty said in the January 2, 2015 and February 14, 2015 editions of the Cleveland Plain Dealer that many judges have a "candy list" of attorneys that they do favors for in return for contributions at election time, or in other words, "the fix is in." This statement by the prosecutor raises questions about a judge accepting a felony as evidence.

9.  The attached replica of Judge Friedland's April 15, 2015 decision is very poor, but it is an exact copy of the original white post card I received from the Court, which was in very poor

4

condition and the print barely readable.  Also attached is a copy of the motion for a new trial the Appellant previously presented to Judge Friedland.

### Conclusion

Therefore: Appellant-Plaintiff asks the Court of Appeals to reverse Judge Friedland's decision or to order a new trial because Deutsche Bank committed a felony.

Respectfully yours,

Martin S. Stancik, Jr. Pro se
724 Wyleswood Drive
Berea, Ohio 44017
440-243-5426

### Certification

I certify a copy of this brief was mailed on April 22, 2015 to: Hunter Cavell at Morris Laing, suite 250, 25700 Science Park Drive, Cleveland Ohio, 44122 and Judge Carolyn Friedland, c/o the Justice Center, 1200 Ontario St., Cleveland, Ohio 44113.

Respectfully yours,

Martin S. Stancik, Jr. Pro se
724 Wyleswood Drive
Berea, Ohio 44017
440-243-5426

5



**IN THE  COURT OF COMMON  PLEAS**
**CUYAHOGA  COUNTY. OHIO**

Martin S. Stancik, Jr.                    CASE NO.  CV-13-814375

    Plaintiff                              JUDGE CAROLYN  B. FRIEDLAND

v.

Deutsche Bank, et al                   **PLAINTIFF  SEEKS  NEW TRIAL**

    Defendant                          **DUE  TO  FRAUD  AS  DEFENSE**

                                  **ATTORNEY  LIED AND TRICKED**

                                    **JUDGE FRIEDLAND**

**Cause of Action**

Now comes the Plaintiff, Martin S. Stancik, Jr. and requests the Judge Friedland Court

grant the Plaintiff a new trial against the Defendant, Deutsche Bank, Deutsche Bank National

Trust Company, and Trustee for Morgan Stanley ABS Capital 1 Inc. Trust 2004-HE6 Mortgage

Pass-Through Certificates, Series 2004-HE6, ("the Trust"),  and Ocwen Financial, et al for fraud,

tricking the judge, creating false documents, intentionally lying  to the court and deceiving the

court.  This case is presently being heard by the Eighth Court of Appeals of Ohio and oral

arguments were heard March 19, 2015.  As of today, April 9, 2015, no decision has been made

by the Appeals Court.  The Appeals Court law suit  is Case No.102019.

**The Law**

Civil Rule of Procedure 59 (A) says a new trial may be granted to all or any of the parties

and on all or part of the issues upon any of the following grounds: (7) The judgment is contrary

2

to law and (8) Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial. In addition to the before mentioned grounds, a new trial may also be granted in the sound discretion of the court for good cause shown. The statute of limitations for fraud is ten years.

### The New Information

Plaintiff Asks Judge Friedland for a new trial and to Reverse Her Summary Judgment Decision Due To The Eighth Court of Appeal's Evidence showing Deutsche Bank's attorneys presented evidence in their request for summary judgment to Judge Friedland that did not exist and did not ever exist. Instead they want to substitute now as the reason for this foreclosure two of the three documents that were denied by Judge Dick Ambrose as fraudulent when he dismissed Deutsche Bank's foreclosure action in 2013.

### The Facts

The Plaintiff just learned this information when the Deutsche Bank's attorneys filed their Appellee's reply for this case in the Appeals Court's oral hearing.

The Plaintiff submits the following affidavit as **Exhibit A.**

The Plaintiff submits to Judge Friedland evidences showing Deutsche Bank's attorneys lied when they asked for an extension to present newly found material from Ocwen Financial and then said a scrivener found a document with an extra "National" in this document's name. **See Exhibit B.**

The Plaintiff asked for this document with the extra "National" to be submitted to the Judge Friedland Court for review, but Judge Friedland denied it. However, in the Plaintiff's appeal to the Appeals Court, the Plaintiff again asked the Appeals Court for this document. The Deutsche Bank's attorney in their Appellee reply filed with the Eighth Court of Appeals

admitted this document did not and never did exist. They tricked Judge Friedland into believing they had valid evidence. The scrivener mentioned in Judge Friedland's Court is a fake and was never identified as to name, title, employment history and current standing.

In the Appeals Court, Deutsche Bank's attorney said another unidentified person found that the first scrivener was " inadvertently mistaken and was thinking of the Assignment of Mortgage and the Corrective Assignment of Mortgage." However, both these documents are counterfeit because these documents were signed and dated in 2011 by New Century, but New Century did not own this mortgage in 2011 as this mortgage was sold to Deutsche Bank in 2004. New Century also filed for bankruptcy and was liquidated in 2008. **See Exhibit C.**

Deutsche Bank's attorneys have valid copies of fraudulent documents, which they tried to submit to the Appeals Court as originals. Judge Dick Ambrose denied Deutsche Bank's foreclosure suit against the Plaintiff in 2013 as these two documents were part of the three documents Stancik presented to Judge Ambrose as fraudulent in his defense. Judge Ambrose gave Deutsche Bank 15 days to correct them, but they never did. Deutsche Bank creates lie after lie, and Judge Friedland accepts them without question. Plaintiff claims the Judge is biased and unfair.

The Plaintiff claims Deutsche Bank's attorneys were just stringing Judge Friedland along with nonexistent documents and scriveners. They are also attempting to do the same thing in the Appeals Court.

### New York Times

Also, newly discovered information about the HomEq September 2006 letter refusing the Plaintiff's mortgage payments and saying Stancik is back in foreclosure reveals HomEq intended to cheat and steal the appellant's home equity inorder to recover the money they paid

4

Stancik in the Mutual Release and Settlement Agreement. In 2004 New Century was the largest home mortgage maker in the nation. New Century made the mortgages and sold them to Deutsche Bank who packaged them into bonds and sold the bonds to investors. They were good investments, but the home owner had to make the mortgage payments, or else the bond would have no income to pay the bond holder.

The Plaintiff- appellant claims this information must be judicated now along with the current defamation and damages presently incurred. The following information was just found in the New York Times, dated June 13, 2011 on page B1 and revealed that Deutsche Bank had to recover the damages it paid in the Mutual Release and Settlement Agreement to Stancik because these payments gave the bond Deutsche Bank created from Stancik's mortgage a negative cash flow. This negative cash flow affected the bond's value in the bond market consisting of insurance companies, pension funds etc.

The bond created using Stanck's mortgage that Deutsche Bank was now trying to sell had a negative cash flow due to this settlement, and as a result the bond was worthless. Deutsche Bank notified HomEq that HomEq had to get Deutsche Bank's money back that they paid Stancik in 2006 when they settled the first false foreclosure. To do this they had to correct this negative cash flow. They had to acquire Stancik's equity in his house and foreclosure was their only option. They unjustly put Stancik's mortgage back in foreclosure. They refused all further payments and laid claim to Stancik's equity that they would get in foreclosure .

In 2006 Stancik's house was valued at $200,000 with only the $50,000 mortgage made by New Century and acquired by Deutsche Bank in 2004. His equity in 2006 was $150,000. Now in 2015 his equity is less than $50,000. Deutsche Bank is guilty of fraud because they created many false documents to process their claims of foreclosure, which initially was the

5

HomEq September 2006 refusal letter. For HomEq and Deutsche Bank, this was the only way of recovering the money they gave Stancik in the Mutual Release and Settlement Agreement in 2006.

There were four false foreclosures with the first one in 2005 and it was repeated in 2006. The second foreclosure was with the September 2006 breach of the Mutual Release and Settlement Agreement renewing the initial foreclosure. The third one was with the September 2006 return of the August house payment, and the fourth was in 2012. These foreclosures caused the appellant to lose his $100,000 a year income, his job, suffer loss of health, and loss of equity in his home and suffer financial damages of over four million dollars,

## Fourth Court of Appeals' Decision

In the Richmond, Va., Fourth Court of Appeals decision in 2014, the Court said attorneys who lie are now subject to RICO.

## Conclusion

Since this document with the false "National" does not exist, this document can not be used as evidence and should have been denied. The Assignment of Mortgage and the Corrective Assignment of Mortgage presented by Deutsche Bank in the Appeals court were found to be fraudulent by Judge Ambrose.

THEREFORE: these documents should have been time barred, Deutsche Bank's action denied and the plaintiff's motion for four million dollars in damages granted. Plaintiff asks the court to grant a new trial and reverse its decision.

Respectfully submitted,

X ~~Martin S. Stancik, Jr. Pro se~~ _Pro se_
Martin S. Stancik, Jr. Pro se
724 Wyleswood Dr.
Berea, Ohio 44017
440-243-5426

_4/9/15_

6

## CERTIFICATION

I certify a copy of this brief was mailed to Deutsche Bank's attorney, Hunter Cavell by U. S. Mail on April 9, 2015 to Suite 250, 25700 Science Park Drive, Cleveland, Ohio 44122.

Martin S. Stancik, Jr. Pro se
724 Wyleswood Dr.
Berea, Ohio 44017
440-243-5426

7



## AFFFIDAVIT OF MARTIN S. STANCIK, JR.

I Martin S. Stancik, Jr. declare under the penalty of perjury:

1. I am the Plaintiff and attorney in this Case No CV-13-814375

2. I am submitting the following documents,

3. The first document as **Exhibit B** is an exact copy of Deutsche Bank's page of the document saying there is an extra National in the document.

4. The second document as **Exhibit C** is an exact copy of Deutsche Bank's page in their Appellee Reply saying the document with the extra National does not exist, and that they want to insert the Assignment of Mortgage and the Corrective Assignment of Mortgage in place of the document with the extra National in the document

I declare under penalty of perjury that the foregoing is true and correct.

X Martin S. Stancik, Jr. Pro se
4/9/2015

8



EXHIBIT
- B -

7.    In 2012, the Trust filed a foreclosure action against Stancik in Cuyahoga County, Case No. CV-12-793607 (the "2012 Case"). (Docket, Ex. J).

8.    In the 2012 Case, Plaintiff filed a Counterclaim, asserting that the prior loan servicer, HomEq breached the settlement agreement as alleged in the 2011 Case.

9.    On or around September 1, 2010, New Century assigned the Mortgage to "Deutsche National Bank National Trust Company, as Trustee for the Pooling and Servicing Agreement Dated as of August 1, 2004 Morgan Stanley ABS Capital I, Inc. Trust 2004 HE-6 Mortgage Pass-Through Certificates, Series 2004-HE6." (Ex. B).

10.    Due to a clerical mistake, an additional "National" was placed in the Trust's name, and the scrivener's error had to be corrected.

11.    Due to the scrivener's error, on or around June 14, 2012, the assignment was corrected and transferred from New Century to "Deutsche Bank National Trust Company, as Trustee Under Pooling and Servicing Agreement Dated as of August 1, 2004 Morgan Stanley ABS Capital I Inc., Trust 2004-HE6 Mortgage Pass-Through Certificates, Series 2004-HE6" (the "Trust"). This omitted the additional "National" from the Assignee. (Ex. C).

12.    In the 2012 Case, the Trust was ordered to submit an amended complaint within 14 days to clear up a scrivener's error: that the Trust's name differed slightly from the name on the Assignment of Mortgage. (Ex. 1, Aff. of Flannigan, ¶ 8).

13.    The dismissal without prejudice is a decision other than on the merits of the case.

14.    In this case, Plaintiff attempts to assert, as the apparent bases for his claims, claims related to the 2005 Case, the 2011 Case, and the 2012 Case. (Compl., pp. 4, 6, 8).

15.    Plaintiff also asserts that three documents presented in the 2012 Case, the Allonge, the Assignment of Mortgage, and the Corrected Assignment of Mortgage, are all

4

*EXHIBIT C*

No. 11AP-757 Sept. 28, 2012), *appeal not allowed* 134 Ohio St. 3d 1470, 983 N.E.2d 3692013-Ohio-553.

Even if Appellant did have standing to challenge the assignments of mortgage, Appellant has not proved how the Trust used these documents to perpetuate a fraud against him. The Corrective Assignment of Mortgage was entered to correct the name of the assignee to the Trust because the original Assignment of Mortgage contained a clerical mistake and scrivener's error that misnamed the Trust. The correction accurately reflects the correct name of the Trust. Appellant does not, and cannot, show how this correction is a fraud perpetuated on him. The assignment of mortgage and corrective assignment of mortgage are not fraudulent documents, but are properly recorded assignments.

In its own Motion for Summary Judgment, the Trust filed the Affidavit of Kevin Flannigan ("Affidavit"). (Rec. at 35, Ex. 1). This Affidavit accurately stated that the corrective assignment of mortgage was created due to a scrivener's error. However, the Affidavit inadvertently misidentified the scrivener's error. Appellant apparently now wants to complain that this constitutes a fraud against him, though that was not pled in his Amended Complaint. (Rec. at 40, p. 3). The Assignment of Mortgage and the Corrective Assignment of Mortgage are publicly recorded documents declaring that the Trust is the assignee of the mortgage encumbering Appellant's property. The assignments were attached to the Trust's Motion for Summary Judgment in support of its Motion. The documents speak for themselves, and the scrivener's error is self-evident from a simple comparison of the Assignment of Mortgage and Corrective Assignment of Mortgage. (Rec. at 35, Ex. 1, Exs. B and C). There is no indication that the documents are fraudulent, and therefore, the trial court correctly entered summary judgment in favor of the Trust.

16



EXHIBIT
B.B

CASE:  CV-13-814375

1335611

MARTIN S. STANCIK, JR.
VS.
DEUTSCHE NATIONAL BANK

JUDGE: CAROLYN B FRIEDLAND
ROOM:  20D JUSTICE CENTER
DOCKET DATE:  04/15/2015
PLAINTIFF'S FILING CAPTIONED "PLAINTIFF SEEKS NEW
TRIAL DUE TO FRAUD AS DEFENSE ATTORNEY LIED AND
TRICKED JUDGE FRIEDLAND" IS HEREBY CONSTRUED
AS A C.V. R. 55(a) MOTION FOR A NEW TRIAL. AS
PLAINTIFF'S APPEAL OF THIS COURT'S RULING REMAINS
PENDING, THIS COURT LACKS JURISDICTION TO
CONSIDER PLAINTIFF'S MOTION. SEE STEWART V.
[illegible]
OHIO 335 [illegible]
RECORD. NOTICE ISSUED

First-Class Mail
U. S. Postage Paid
Cleveland, OH
Permit No. 1962

FROM:
CUYAHOGA COUNTY - COURT OF COMMON PLEAS
NAILAH K. BYRD - CLERK OF COURTS
JUSTICE CENTER  COURT DATA
1200 ONTARIO ST
CLEVELAND OH 44113

TO:
MARTIN S. STANCIK
724 WYLESWOOD DRIVE
BEREA OH 44017



# COMMON PLEAS COURT
## CUYAHOGA COUNTY, OHIO

DESIGNATION FORM TO BE USED TO INDICATE THE CLASSIFICATION OF THE CAUSE

MARTIN S STANCIK JR Case No.

Plaintiff

vs.                                    Judge: _          Judge:  BRIAN J CORRIGAN

NEW YORK STOCK EXCHANGE                              CV 15 845319

Defendant

Has this case been previously filed & dismissed? Yes ☐ No ☒
Case #: _____ Judge: _____
Is this case related to any cases now pending or previously filed  Yes ☒ No ☐
Case #: CV 13 - 814375 Judge: CAROLY FRIEDLAND

## CIVIL CLASSIFICATIONS: *Place an (X) in ONE Classification Only.*

### Professional Torts:
- ☐ 1311 Medical Malpractice
- ☐ 1315 Dental Malpractice
- ☐ 1316 Optometric Malpractice
- ☐ 1317 Chiropractic Malpractice
- ☐ 1312 Legal Malpractice
- ☒ 1313 Other Malpractice

### Product Liability:
- ☐ 1330 Product Liability

### Other Torts:
- ☐ 1310 Motor Vehicle Accident
- ☐ 1314 Consumer Action
- ☐ 1350 Misc Tort

### Workers Compensation:
- ☐ 1550 Workers Compensation
- ☐ 1531 Workers Comp. Asbestos

### Foreclosures:
Utilize Separate Foreclosure ✗
Designation Form

### Commercial Docket
- ☐ 1390 Cognovit

### Administrative Appeals:
- ☐ 1540 Employment Services
- ☐ 1551 Other

### Other Civil:
- ☐ 1500 Replevin/Attachment
- ☐ 1382 Business Contract
- ☐ 1384 Real Estate Contract
- ☐ 1388 Consumer Debt
- ☐ 1391 Other Contract
- ☐ 1490 Foreign Judgment
- ☐ 1491 Stalking Civil Protection Order
- ☐ 1501 Misc Other
- ☐ 1502 Petition to contest Adam Walsh Act
- ☐ 1503 Certificate of Qualification for Employment

*COMPLAINT FILED AGAINST JUDGE FRIEDLAND FOR HAVING A DOUBLE STANDARD*

Amount of Controversy:
- ☐ None Stated
- ☐ Less than $25,000
- ☒ Prayer Amount _____
ONE BILLION DOLLARS

Parties have previously attempted one of the following prior to filing:
- ☐ Arbitration
- ☐ Early Neutral Evaluation
- ☐ Mediation
- ☒ None

*2015 MAY -8 A 8: 45  FILED  CUYAHOGA COUNTY CLERK OF COURTS*

✗ i certify that to the best of my knowledge the within case is not related to any now pending or previously filed, except as noted above

PRO SE

Firm name (Print or type)
724 WYLESWOO DR

Address
BEREA OHO

Address
440-293-5436

Phone

MARTIN S. STANCIK, JR

Attorney of Record (Print or type)
Martin A Stancik

Signature
NONE

Email Address
NONE

Supreme Court #

Print Form