UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MARTIN S. STANCIK, JR., | ) | CASE NO. 1:15 CV 1149 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| NEW YORK STOCK EXCHANGE, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This action was originally filed by Plaintiff *pro se* Martin Stancik, Jr. in the Cuyahoga County Court of Common Pleas against Defendant New York Stock Exchange. Plaintiff alleges in the Complaint that Defendant failed to monitor Deutsche Bank and Ocwen Financial, Inc., and that these entities should have been delisted from the New York Stock Exchange. He seeks $1 billion in damages under various federal statutes and state common law theories.[1] Defendant removed the case to this Court based on diversity of citizenship and because Plaintiff's claims rely entirely on allegations that Defendant violated rules promulgated under the Securities Exchange Act of 1934 (the "Act").

Before the Court is Defendant's Motion to Dismiss, asserting Plaintiff's claims are barred by SRO (self-regulating organization) immunity and are preempted by the Act. Plaintiff's

---

[1] On the face page of the Complaint, Plaintiff lists the following legal claims: "Unfair Trade Practice, Civil Conspiracy, Contract Claims, Racketeering Claims, Mail and Wire Fraud, Fair Debt Collection, Negligence Claims, Defamation Claims, Breach of Contract, RESPA Claims, Fraud Claims, Intentional Distress, Unjust Enrichment, Fair Credit Reporting, Ohio Credit Claims, Tortuous Interference, Truth in Lending Claims, Conversion Claims, Reckless Misconduct, Home Ownership and Equity Protection Claims, Trade Commission Act, Vicarious Liability, Declaratory Relief, Injunctive Relief."

responses (ECF Nos. 6 and 9) to the Motion do not address these arguments, which are conclusive as a matter of law. Instead, he asserts Defendant is liable for harm done to him by Deutsche Bank and Ocwen Financial because Defendant "is a commercial enterprise seeking to make a profit, and as such is bound by Federal and State law." ECF No. 9.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

For the reasons set forth in Defendant's Motion to Dismiss, even liberally construed the Complaint does not state a valid claim for relief. Accordingly, the Motion to Dismiss is **granted**, and this case is **dismissed**. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 9/29/15